Serafin Natividad
Carolina Natividad
953 Plantain Lily Ave.,
Las Vegas, NV 89183
*Plaintiff Pro Se*



FILED ____ ____ RECEIVED
____ ENTERED ____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 3 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT of NEVADA

Serafin Natividad &

Carolina Natividad

Plaintiff(s),

V

New Penn Financial, LLC d/b/a

Shellpoint Mortgage Servicing

Defendant(s)

**2:15-cv-01829-GMN-NJK**

**Complaint with Preliminary Injunction**

NOW COMES Plaintiffs Serafin and Carolina Natividad whom in proper persons status

hereby submit this Complaint with Injunctive action. The Plaintiffs Complaint not only meets but

exceeds the standards governing the form of a complaint contemplated by Federal Rules of Civil

Procedure 8, this Court has subject jurisdiction in this matter, and the Complaint in sufficiently

Procedure 8, this Court has subject jurisdiction in this matter, and the Complaint in sufficiently alleges fraud and misrepresentation and lack of validity to properly collect debt coupled with actual harm and damage.

Background

This claim involves a subject property of 953 Plantain Ave., Las Vegas, NV 89183 and the validity and lack of virtuosity of the Servicer. This primary residence was acquired through a loan originated through Aegis Wholesale whom are no longer in business. It has been transferred through several different servicers and now has the assigned servicer of the Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, whom shall further be soley referred to as "Shellpoint". This information can be confirmed through Clark County Records using APN of 177-27-711-036. The Plaintiffs have continually engaged loan servicers without exception for the last 34 months. During said period Plaintiff have completed borrower's requests for home retention packets repeatedly. On or about March 1st, 2014 the Plaintiff's received a notification from "Shellpoint" explaining that they would now be replacing previous servicer name "Resurgent Mortgage Servicing" and to engaged them directly for payments and home retention options. Plaintiffs then forwarded the new servicer a dispute (Exhibit A) which would have needed to be answered within 30 days regulated by the Nevada Homeowners Bill of Rights. However this in fact went unanswered. Only on or about April 17th, 2015 The Plaintiffs received a Notice of Default which they again forwarded a QWR to the newly assigned "trustee" agents of Defendants (Exhibit B). This documentation again requested a borrowers packet for home retention and the assignment of a "Single Point of Contact" again as demanded by the HBOR. Oddly, this request was met in response with a letter from the Trustee instructing the Plaintiff's that they may request a QWR (Exhibit C). The Plaintiff's then requested a Mediation hearing which was scheduled for 8/27/2015 after having a document conference on 6-17-

2015. On August 27th, 2015 the Plaintiff's were not offered any home retention offer and the said Mediation was terminated. However the Mediation Statement and Agreement shows that the beneficiary (Lender) and agents failed to participate in good faith codified as 107.86(6)) (Exhibit D). This action coupled with the Servicers unwillingness to follow the procedural steps outlined by the Nevada Senate Bill 321, referred to as HBOR and codified as 107.050 caused the Plaintiffs gr.eat concern. Additionally this cast serious doubt into the validity of the debt and the ability to service for the Plaintiff's.

Further research has additionally raised more questions. This mortgage was originated by Aegis and previously serviced by Countrywide Home Loans. All previous reached agreements were not honored once the servicer was rotated regardless of agreement amounts. Additionally mortgage documentation attached to this case were Robo-Signed by recognized Robo-Signer "Elise Kroussakis" whom was a contracted temp employee for "Peoplequest Staffing". Her primary responsibilities were to notarize foreclosure documents. It appears that the ever changing servicers are attempting to derive a clear title to foreclose or execute property through fraud. The plaintiff's have been met with resistance even whilst forwarding on supporting documentation in the form of proof of income, statements tax returns, utility bills, etc. through the entire process.  Again during these periods the assigned single point of contacts have changed whilst continually engaging servicer. Plaintiffs have never received a letter of denial from servicer as required through Nevada Homeowners Bill of Rights (HBOR) codified as NRS 107.500 et seq which prohibits such actions .Even the most recent agents have refused to validate said mortgage, but additionally they have been moving towards a foreclosure without any attempt to review or continue review for home retention. Again, this is required through the Nevada Homeowners Bill of Rights (Senate Bill 321) and also through settlement guidelines reached between servicers and the Consumers Financial Protection

Bureau (CFPB). Failure of servicer to either: A) render decision,  B) produce turndown letter with reason. C)maintain single point of contact, coupled with newly addressed notation outlining the foreclosure process can not be ignored, nor explained as anything other than dual tracking or intentionally disregarding NRS 107. This practice is forbidden through the above-mentioned consumer safeguards of the Nevada Homeowners Bill of Rights and the CFPB settlement. These events have caused the Plaintiffs to file this complaint for "Quiet Title" with this entitled Court.

Legal Standard

**JURISDICTION:**

Plaintiffs reside at the following address of 953 Plantain Ave., Las Vegas, NV 89183. Diversity Jurisdiction is granted through 28 U.S.C. 1332 as codified and governed through the original diversity act of 1789. Additionally the Defendants are and have been a corporation located outside of the state of Nevada.

Quiet Title Elements:

(a) "Claim" includes a legal or equitable right, title, lien, or interest in property or cloud upon title.

(b) "Property" includes real property, and to the extent applicable personal properties.

An action may be brought under this chapter by parties to an agreement entered into pursuant to section 6307 or 6357 of the Public Resources Code to confirm the validity of agreement.

**Standard Elements of Intentional Misrepresentation**

(1) defendant made a false representation,

(2) with knowledge or belief that the representation was false or without a sufficient basis for making

the representation,

(3) the defendant intended to induce the plaintiff to act or refrain from acting on the representation,

(4) the plaintiff justifiably relied on the representation, and

(5) the plaintiff was damaged as a result of his reliance.

*J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 290–91, 89 P.3d 1009, 1018 (2004);

**False statement may be conveyed through an agent**

"a party may be held liable for misrepresentation where he communicates misinformation to his agent, intending or having reason to believe that the agent would communicate the misinformation to a third party. *See* generally *W. Prosser,* supra, *§ 107 at 703; Restatement (Second) of* Torts, § 533 (1977)." Epperson v. Roloff, 102 Nev. 206, 212, 719 P.2d 799, 803 (1986).


**Misrepresentations may be implied**

"a defendant may be found liable for misrepresentation even when the defendant does not make an express misrepresentation, but instead makes a representation which is misleading because it partially suppresses or conceals information. *See American Trust Co. v. California W. States Life* Ins. Co., *15 Cal.2d 42, 98 P.2d 497, 508 (1940).* See also Northern Nev. Mobile Home v. Penrod, *96 Nev. 394, 610 P.2d 724 (1980);* Holland Rlty. v. Nev. Real Est. Comm'n, *84 Nev. 91, 436 P.2d 422 (1968)."* Epperson v. Roloff, 102 Nev. 206, 212–13, 719 P.2d 799, 803 (1986).

- **Requirements for pleading fraud generally: The "Relaxed Standard"**

The federal district court found that the plaintiffs' allegations did not meet the strict requirement of FRCP 9(b), but it also found that "[w]here a plaintiff is claiming . . . to have been injured as the result of a fraud perpetrated on a third party, the circumstances surrounding the transaction are peculiarly

within the defendant's knowledge."[22] Therefore, the court applied the relaxed standard and, pointing to the above facts, allowed the plaintiffs to conduct discovery and to amend their complaint to meet FRCP 9(b)'s pleading requirements.[23]

This exception strikes a reasonable balance between NRCP 9(b)'s stringent requirements for pleading fraud and a plaintiff's inability to allege the full factual basis concerning fraud because information and documents are solely in the defendant's possession and cannot be secured without formal, legal discovery. Therefore, we adopt this relaxed standard in situations where the facts necessary for pleading with particularity "are peculiarly within the defendant's knowledge or are readily obtainable by him."[24]

In addition to requiring that the *plaintiff state facts supporting a strong inference of fraud*, we add the additional requirements that the *plaintiff must aver that this relaxed standard is appropriate* and *show in his complaint that he cannot plead with more particularity because the required information is in the defendant's possession*. If the district court finds that the relaxed standard is appropriate, it should allow the plaintiff time to conduct the necessary discovery.[25] Thereafter, the plaintiff can move to amend his complaint to plead allegations of fraud with particularity in compliance with FRCP 9(b).[26] Correspondingly, the defendant may renew its motion to dismiss under FRCP 9(b) if the plaintiff's amended complaint still does not meet FRCP 9(b)'s particularity requirements.

Plaintiffs believe that all elements are met in this particular case. The failure of the hired agents of servicers to render a decision, and or review options for homeowner is an overt act. The Defendant has used agents to defraud while moving towards liquidation.

<u>Pray for Relief</u>

Plaintiffs have shown good faith in the attempts to continuously work with the ever changing agents of servicer to reach solutions, while meeting every deadline and request. There are clear procedures for review rather than the spoken and implied assistance. The Plaintiff believes that Defendant  moves to liquidate the property without reviewing the information properly or Validating Debt. Taken this into consideration, The Plaintiffs are now listed as Pro Se Plaintiffs for said claim. Plaintiffs now move this court to "Quiet the Title" as servicer has not fulfilled the assigned obligations as a debt collector much less a mortgage servicer. Plaintiffs additionally seek the ability to collect legal and research fees, whilst maintaining the ability to amend this complaint as needed..


Dated: September 22nd, 2015


Respectfully Submitted,



Serafin Natividad



Carolina Natividad

## Preliminary Injunction

Now comes Plaintiff's Natividad whom in accordance with Federal Rule 65 move this court to set a preliminary Injunction. Rule 65 states an Injunction may be granted in the following cases:

1. When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

2. When it shall appear by the complaint or affidavit that the commission or continuance of some act, during litigation, would produce great or irreparable injury to the plaintiff.

3. When it shall appear, during the litigation, that the defendant is doing or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual.

Said preliminary Injunction should be made available as movants have shown that they possess a reasonable probability of success on the merits shown herewithin and if Defendants conduct is allowed to continue will result in irreparable harm for which compensatory damage is inadequate remedy. Dangberg Holdings Nev., LLC v. Douglas County, 115 Nev. 129, 978 P.2d 311 (1999); S. O.C. Inc, v. Mirage Casino-hotel, 117 Nev. 403, 23 P .3d 243 (2001). The balance of hardships between the parties should also be considered. Ottenheimer v. Real Estate Division, 91 Nev. 338, 535 P 3d 1284 (1975).

Further, the purpose of said preliminary injunction is to protect the movant from irreparable harm and preserve the status quo pending final judgment. Memory Garden of Las Vegas, Inc v. Pet ponderosa Memorial Gardens, Inc., 88 Nev. 1, 492 P. 2d 123 (1972); City of Reno Matley, 79 Nev. 49, 378 P.2d

256 (1963). Plaintiff's have shown that the continuance of conduct by Defendant will in fact cause irreparable harm.

Dated: September 22nd, 2015

Respectfully Submitted,

_____

Serafin Natividad

_____

Carolina Natividad

Exhibit A

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603-0826

14 March 2014

Dear Sir:

Enclosed you will find documents relative to your letter RE: Loan Number 0539068250 Notice of Transfer of Servicing from Resurgent Mortgage Servicing to Shellpoint Mortgage Servicing.

Please review these enclosed documents so we may be able to arrive at a sound conclusion that could pave the way for a smooth and clear transition which may help us come up with every possible arrangement.

Please send us the necessary information regarding this loan so we may be relieved of any doubt as to who is our true lender or servicer.

In the meantime, please treat this communication as a dispute until such time that this matter is fully clarified.

Thank you very much,

Serafin Natividad

Carolina Natividad
953 Plantain Lily Ave.
Las Vegas, NV 89183

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shellpoint Mortgage
P.O. Box 10826
Greenville SC 29

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

| | |
|---|---|
| Postage | $ 1.40 |
| Certified Fee | $3.30 |
| Return Receipt Fee (Endorsement Required) | $2.70 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ 7.40 |

Sent To
Shellpoint Mortgage Servicing
Street, Apt. No.; or PO Box No. P.O. Box 10826
City, State, ZIP+4 Greenville SC 29603-0826

PS Form 3800, August 2006                See Reverse for Instruction

Enclosures:
1. Shellpoint Letter dated 2
2. Two (2) B of A Letters dat
3. One (1) Letter dated 10/25/13 addressed to Bank of New York Mellon, Countrywide Securities, & B of A with Registered Mail Receipts
4. One (1) B of A Letter dated 8/12/2013
5. One (1) Letter dated 5/16/2012 addressed to Home Loan Team with Registered Mail Receipts
6. One (1) Letter addressed to B of A dated 12/3/2010

Exhibit B

Old Republic Default Management Services
PO Box 250
Orange, California 92856-6250

08 May 2015

Subject:     Qualified Written Request (QWR) to respond within 30 days upon receipt
             Of Default Notice

Dear Sir:

Enclosed you will find one (1) of your enclosures (Debt Validation Notice) relative to the
Notice of Default we received by Certified Mail on April 17, 2015.

We take particular interest to Par. No.2, that you may obtain for us upon request, as we
are requesting today through this letter, the name and address of our original creditor, if
different from the current creditor on Par. 1.

In Par. No.1, it appears that New Penn Financial and Shellpoint Mortgage Servicing are
our current creditors. Per records available to us, our original creditor was Countrywide
Home Loans, then Bank of America, thus leaving us no alternative but to dispute the
validity (Par. No.5 of Debt Validation Notice) of this debt.

Please furnish us with the necessary complete information about these transitions so we
may be able to negate this validity dispute, and for us to be able to do business with you
or any government mediation agency, in any manner/settlement beneficial to both of us at
the earliest possible time.

Likewise, it would be very helpful if you can possibly furnish us with a single name of
the representative or contact person in charge of our account for expediency, so we may
avoid the confusion of dealing with different entities as what has happened in the past.

Be assured of our full cooperation to settle this issue upon clarification of this matter.

Thank you.

Serafin Natividad

Carolina Natividad
953 Plantain Lily Ave
Las Vegas NV 89183

Exhibit C

**Old Republic Default Management Services**
**PO Box 250**
**Orange, California 92856-6250**

Date: 4/14/2015

T.S. Number: 14-51973
Loan Number: 0539068250

## DEBT VALIDATION NOTICE

1.  The enclosed document relates to a debt owed to:
    **New Penn Financial, LLC d/b/a**
    **Shellpoint Mortgage Servicing**

2.  You may send us a written request for the name and address of the original creditor, if different from the current creditor, and we will obtain and mail the information within thirty (30) days after we receive your written request.

3.  As of **4/14/2015** the total delinquency owed was **$1,039.85** because of interest, late charges, and other charges that may vary from day to day this amount will increase until the delinquency has been fully paid. Before forwarding payment please contact the above at the address or phone number listed in order to receive the current amount owed.

4.  As of **4/14/2015**, the amount required to pay the entire debt in full was the unpaid principal balance of **$304,303.59**, plus interest from **1/1/2010**, late charges, negative escrow and attorney and/or trustee's fees and costs that may have been incurred. The amount will increase daily until the debt has been paid in full For further information please write to the above listed address.

5.  You may dispute the validity of this debt, or any portion thereof, by contacting our office within thirty (30) days after receiving this notice. In that event, we will obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is valid.

---

> **WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION**
> **WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

---

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements of call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1/877/FTC-HELP or www.ftc.gov."



Exhibit D

Clear Form

STATE OF NEVADA
FORECLOSURE MEDIATION PROGRAM
**MEDIATION STATEMENT AND AGREEMENT**

Trustee ID # 400001
APN 177-27-711-036
TS# 14-51973
County Clark

---

**PART 1: SIGN-IN SHEET    DATE:** 8-27-15

| | | | |
|---|---|---|---|
| **Mediator:** | Name: | Kathleen Arvold | |
| | | Print | |
| | Contact Info.: | kamediator@gmail.com | 702-293-4297 |
| | | Email | Telephone # |
| **Homeowner(s) (Grantor):** | Name: | Serafin Natividad | |
| | | Print | Signature |
| | Contact Info.: | acerudder70@gmail.com | 702-293-3232 3238 |
| | | Email | Telephone # |
| | Participated: | ☒ In Person | ☐ By Telephone |
| **Homeowner(s) (Grantor):** | Name: | CAROLINA NATIVIDAD | |
| | | Print | Signature |
| | Contact Info.: | ACERUDDER40@YAHOO.COM | 702-293-3238 |
| | | Email | Telephone # |
| | Participated: | ☒ In Person | ☐ By Telephone |
| **Homeowner Atty. or Rep:** | Name: | Carolina Natividad | |
| **NV Bar/NRS 645F License #** | | Print | Signature |
| | Contact Info.: | acerudder70@gmail.com | 702-293-3282 |
| | | Email | Telephone # |
| | Participated: | ☐ In Person | ☐ By Telephone |
| **Beneficiary (Person With Authority):** | Name: | Tara Deleon Merino | Shellpoint Financial |
| | | Print | Signature |
| | Contact Info.: | | (832) 775 7672 |
| | | Email | Telephone # |
| | Participated: | ☐ In Person | ☒ By Telephone |
| **Lender Atty. or Rep:** | Name: | Aldridge Pite | |
| **12486** | | Nile Durgen | |
| **NV Bar/NRS 645F License #** | | Print | Signature |
| | Contact Info.: | nlane@aldridgepite.com | 702-991-4634 |
| | | Email | Telephone # |
| | Participated: | ☒ In Person | ☐ By Telephone |
| **Other:** | Name: | | |
| | | Print | Signature |
| | Contact Info.: | | |
| | | Email | Telephone # |
| | Participated: | ☐ In Person | ☐ By Telephone |

If needed, a separate sheet may be utilized for additional attendees.

The attending parties are signing this sheet only to memorialize their presence at the mediation.  If an agreement is reached, the parties will be requested by the mediator to execute the agreement section of this Mediator Statement, which will outline the basic terms agreed upon at mediation. Neither the mediator nor the mediation administrator may be compelled to testify in any subsequent proceedings regarding the contents of an agreement.

Docket # 99212
2015 Doc # 076550

### STATE OF NEVADA
### FORECLOSURE MEDIATION PROGRAM
## MEDIATION STATEMENT AND AGREEMENT

Trustee ID # 400001
APN 177-27-711-036
TS# 14-51973
County Clark

Homeowner Last Name Natividad          Homeowner First Name Serafin

Co-owner Last Name Natividad           Co-owner First Name Carolina

Property Street Address 953 Plaintait Lily Avenue

Property City Las Vegas,          State NV     Zip Code 89123

## INSTRUCTIONS

RECEIVED
AUG 2 8 2015
STATE OF NEVADA
FORECLOSURE MEDIATION

- **If no mediation is held:** Please ensure the following are completed:
  - o   PART 2A: SUMMARY
  - o   PART 2F: MEDIATOR CERTIFICATION and ·
  - o   PART 4: MAILING CERTIFICATION

- **If a mediation is held and no agreement is reached:** please ensure the following are completed:
  - o   PART 1: SIGN-IN SHEET
  - o   PART 2A: SUMMARY
  - o   PART 2B: DISPOSITION
  - o   PART 2C: HOMEOWNER PARTICIPATION (if applicable)
  - o   PART 2D: LENDER PARTICIPATION (if applicable)
  - o   PART 2E: RECOMMENDATIONS FOR SANCTIONS (if applicable)
  - o   PART 2F: MEDIATOR CERTIFICATION and
  - o   PART 4: MAILING *CERTIFICATION*

- **If an agreement is reached by the parties:** please ensure **all applicable parts** of this form are completed, including all sections indicated directly above, as well as PART 3: AGREEMENT (Sections A-G).

- Return completed Mediator Statement and Agreement **within 10 days** to 200 Lewis Avenue, 17th Floor, Las Vegas, NV 89101

---

**PART 2A: SUMMARY** (In this section in its entirety (PART 2A-G) the mediator will document the applicable outcomes of the mediation. All appropriate boxes should be checked in this section.)

☒ A Document Conference was held on 6-17-15_____. (Attach Completed Document List)

☒ A Foreclosure Mediation was held on 8-27-15_____.

☐ A Foreclosure Mediation was **not** held (Check All That Apply):

    ☐ Homeowner requested to withdraw from mediation

    ☐ Homeowner in active bankruptcy

    ☐ Non-eligible property

☐ Parties resolved prior to mediation (Complete Part 3: AGREEMENT SECTION G)

---

**PART 2B: DISPOSITION (MEDIATOR MUST CHECK ONE BOX BELOW)**

☒ The parties were unable to agree to a loan modification or make other arrangements and the mediation is terminated.

☐ The parties resolved this matter. If marked, also complete **PART 3: MEDIATION AGREEMENT.**

STATE OF NEVADA
FORECLOSURE MEDIATION PROGRAM
**MEDIATION STATEMENT AND AGREEMENT**

| | |
|---|---|
| Trustee ID # | 400001 |
| APN | 177-27-711-036 |
| TS# | 14-51973 |
| County | Clark |

## PART 2C: HOMEOWNER (GRANTOR) PARTICIPATION

☐ Homeowner (Grantor) failed to attend the mediation.

☐ Homeowner (Grantor) failed to exchange required documents.

## COMMENTS

## PART 2D: BENEFICIARY (LENDER) PARTICIPATION

*If any item is checked below, the mediator may recommend sanctions.*
*(Determine specific sanction recommendations with particularity in Part 2E).*

☐ Beneficiary (Lender), and/or its Representative, failed to attend the mediation. (NRS 107.086(6); FMP Rule 11(1)(a))

☐ Beneficiary (Lender), ), and/or its Representative, failed to demonstrate authority, or provide access to a person with authority, to negotiate a loan modification. (NRS 107.086(5); FMP Rule 11(1)(a))

☒ Beneficiary (Lender),and/ or its Representative,  failed to participate in good faith. (NRS 107.086(6))

Beneficiary (Lender), and/or its Representative,  failed to bring to mediation each document required. (NRS 107.086(5); FMP Rule 12(7)) (Check All Missing or Incomplete Documents).

☐ An original or certified copy of the mortgage note, or judicial order pursuant to NRS 104.3309.

☐ A certification with an original signature of each endorsement and/or assignment of the mortgage note, or judicial order pursuant to NRS 104.3309.

☐ An original or certified copy of the deed of trust (DOT), or judicial order pursuant to NRS 104.3309.

☐ A certification with an original signature of each assignment of the deed of trust (DOT), or judicial order pursuant to NRS 104.3309.

☐ Appraisal or Broker Price Opinion (BPO) in accordance with NRS 645.2515 dated not more than 60 days prior to the date of the scheduled mediation.

STATE OF NEVADA
FORECLOSURE MEDIATION PROGRAM
**MEDIATION STATEMENT AND AGREEMENT**

| | |
|---|---|
| Trustee ID # | _____ |
| APN | _____ |
| TS# | _____ |
| County | _____ |

---

**PART 2E: SPECIFIC RECOMMENDATION(S) FOR SANCTIONS** (In this section mediators must state with particularity the lender's (beneficiary's) conduct and specific reason(s) for recommending sanctions.)

Lender still in process - no offer available.  Borrower sent docs 5-14-15 and answered questions on 7-23-15.  No certificate should be issued.

STATE OF NEVADA
FORECLOSURE MEDIATION PROGRAM
**MEDIATION STATEMENT AND AGREEMENT**

| Trustee ID # 400001 |
| APN 177-27-711-036 |
| TS# 14-51973 |
| County Clark |

## PART 2F: MEDIATOR CERTIFICATION

The Mediator hereby certifies, under the penalty of perjury, that the foregoing is true and accurate record of the proceedings as required by NRS Chapter 107.

DATED this 27th _____ day of August _____, 20 15 .

Mediator Signature: _____

Print Name: _____ Kathleen Arvold _____

**STATE OF NEVADA**
**FORECLOSURE MEDIATION PROGRAM**
**MEDIATION STATEMENT AND AGREEMENT**

Trustee ID # 400001
APN 177-27-711-036
TS# 14-51973
County Clark

All documents and discussions presented during the mediation are confidential except in an action for Judicial Review as set forth in the applicable State of Nevada Foreclosure Mediation Rules and NRS Chapter 107.

**PART 3: AGREEMENT (Sections A-G)** This section outlines the detailed agreement between the grantor and the beneficiary. The meditator will complete all sections that apply.

**THE PARTIES AGREED TO THE FOLLOWING (Please Choose Either A or B and check all that apply):**

**A. RETAIN THE HOME**

- ☐ 1.  Reinstatement
- ☐ 2.  Repayment Plan
- ☐ 3.  Extension
- ☐ 4.  ARM to Fixed Rate
- ☐ 5.  Amortization Extended
- ☐ 6.  Interest Rate Reduction
- ☐ 7.  Principal Forbearance
- ☐ 8.  Other Forbearance
- ☐ 9.  Principal Reduction
- ☐ 10. Refinance
- ☐ 11. Temporary Modification
        Expiration Date :_____
- ☐ 12. Permanent Modification
- ☐ 13. Short payoff: $_____
        When:_____
        Conditions:_____
        _____
- ☐ 14. Gov't. Program: _____

**B. RELINQUISH THE HOME**

- ☐ 1.  Deed in Lieu of Foreclosure
- ☐ 2.  Voluntary Surrender
- ☐ 3.  Cash for Keys $_____
- ☐ 4.  Gov't. Program: _____
- ☐ 5.  Other Forbearance
- ☐ 6.  Short Sale
        Estimated Short Sale Value: _____
        Listed By Date:_____
        Listing Period: From _____to_____
        Listing Price:_____
        Beneficiary Offer Acceptance By Date:
        _____
        Maximum Escrow Period: _____
- ☐ 7.  Waiver of Deficiency: ☐ Yes ☐ No
- ☐ 8.  Vacate Date: _____
- ☐ 9.  Certificate Date: _____

Comments:

**C. DETAILS**

- ☐ Beneficiary will report the loan as paid in current status effective as of: _____
- ☐ Treatment of arrearages: _____
- ☐ Waiver of Fees and Penalties: _____
- ☐ Rescind Notice of Default effective as of: _____

**D. THE FOLLOWING TERMS REMAIN UNCHANGED (Please check all that apply.)**

- ☐ The balance due as shown on beneficiary's books, which is _____
- ☐ The interest rate stated in the original note, which is _____
- ☐ The loan term stated in the original note, which is _____

STATE OF NEVADA
FORECLOSURE MEDIATION PROGRAM
**MEDIATION STATEMENT AND AGREEMENT**

| Trustee ID # 400001 |
| APN  177-27-711-036 |
| TS#  14-51973 |
| County   Clark |

### E. LOAN MODIFICATION (Please complete all that apply)

|  | **Temporary Modification** | **Permanent Modification** |
|---|---|---|
| **1. Loan Balance** | Total loan balance shall be modified to<br>$ _____<br>Effective date _____ | Total loan balance shall be modified to:<br>$ _____<br>Effective date: _____ |
| **2. Interest Rate** | Period 1<br>a. Interest rate will be temporarily modified to ___%<br>b. Effective as of _____<br>c. For the Period of _____months<br><br>Period 2<br>a. Interest rate will be temporarily modified to ___%<br>b. Effective as of _____<br>c. For the Period of _____ months * | Period 1<br>a. Interest rate will be modified to ___%<br>b. Effective as of _____<br>c. For the Period of _____months<br><br>Period 2<br>a. Interest rate will be modified to ___%<br>b. Effective as of _____<br>c. For the Period of _____ months* |
| **3. Loan Term** | There are _____ monthly payments<br>remaining as of _____<br>Begin Date:_____ End Date:_____ | There are _____ monthly payments<br>remaining as of _____<br>Begin Date:_____ End Date:_____ |
| **4. Payment** | Resulting initial payment: $_____<br>Principal & Interest:$ _____<br>Escrow: $_____<br><br>Total: _____ | Resulting initial payment: $_____<br>Principal & Interest:$ _____<br>Escrow: $_____<br><br>Total: _____ |

| **5. Fees & Costs** | The aforementioned loan balance includes fees & costs for temporary and permanent modifications as follows: | |
|---|---|---|
|  | **Incurred** | **Waived** |
|  | Interest $_____ | Interest $_____ |
|  | Costs  $_____ | Costs  $_____ |
|  | Fees  $_____ | Fees  $_____ |
|  | Other $_____ | Other $_____ |
|  | TOTAL: $_____ | TOTAL: $_____ |

Comments:

*If additional Periods agreed upon by the parties, please indicate on a separate sheet and attached hereto.

STATE OF NEVADA
FORECLOSURE MEDIATION PROGRAM
**MEDIATION STATEMENT AND AGREEMENT**

| | |
|---|---|
| Trustee ID # | 400001 |
| APN | 177-27-711-036 |
| TS# | 14-51973 |
| County | Clark |

## F. DEFICIENCY & TAX LIABILTY

Please be advised that the mediator is not permitted to provide any legal or tax advice to the parties on any issues related to the mediation or the terms of any potential settlement agreement. It is suggested that the parties contact a licensed professional of their choice for legal or tax advice related to this mediation and any potential settlement.

1. **Deficiency:**

   ☐ The settlement agreement will include a provision waiving any deficiency resulting from recovery by the Trustee/Beneficiary of less than the full amount the Trustee/Beneficiary claims now to be due on the loan.

   Comments:

2. **Other deficiency and/or tax liability terms not mentioned above:**

   ☐ Additional terms, details are as follows:

3. **Is this agreement contingent upon the signing of other documents and/or forms (i.e., updated financial information; tax returns, divorce decree, etc.)?**

   ☐ If yes, provide a detailed list and/or attach:

## G. SETTLEMENT/RESOLUTON BEFORE MEDIATION

| *The parties reached a settlement and/or resolution prior to the scheduled mediation.* |
|---|
| ☐ Copy of signed Settlement/Resolution Agreement attached. (Attach Signed Agreement) <br> ☐ Settlement/Resolution Agreement memorialized at mediation as reflected in the Mediator Statement. |

STATE OF NEVADA
FORECLOSURE MEDIATION PROGRAM
**MEDIATION STATEMENT AND AGREEMENT**

| | |
|---|---|
| Trustee ID # | 400001 |
| APN | 177-27-711-036 |
| TS# | 14-51973 |
| County | Clark |

## H. SIGNATURE OF PARTIES

**IN WITNESS WHEREOF,** each of the participants in this mediation has executed this mediation agreement on the date set forth. The parties agree to separately prepare and execute the documents necessary to accomplish the terms of this agreement.

Date _____     _____
                                  Homeowner (Grantor)

Date _____     _____
                                  Homeowner (Grantor)

Date _____     _____
                                  Homeowner's Attorney/Representative

Date _____     _____
                                  Lender (Beneficiary)

Date _____     _____
                                  Lender's Attorney/Representative

Date _____     _____
                                  Other (Please specify relationship to Lender or
                                  Homeowner)

Date _____     _____
                                  Other (Please specify relationship to Lender or
                                  Homeowner)

STATE OF NEVADA

FORECLOSURE MEDIATION PROGRAM

**MEDIATION STATEMENT AND AGREEMENT**

| | |
|---|---|
| Trustee ID # | 400001 |
| APN | 177-27-711-036 |
| TS# | 14-51973 |
| County | Clark |

---

PART 4: <u>MAILING/EMAIL/HAND DELIVERY CERTIFICATION</u> (CHECK ONE BOX BELOW TO INDICATE METHOD OF DELIVERY)

---

I hereby certify that I delivered this Mediator Statement on the <u>28th</u> day of <u>August</u> _____, 20 <u>15</u> , by delivering true and correct copies, addressed to the Foreclosure Mediation Program, by ☐ U.S. Mail, postage prepaid, or ☐ Email, or ☒ Hand Delivery:

**Foreclosure Mediation Program**
**200 Lewis Avenue, 17th Floor**
**Las Vegas, NV 89101**

Signature: _____

Print Name: <u>Kathleen Arvold</u>

Title: <u>Foreclosure Mediator</u>