J. Christopher Jorgensen (SBN 5382)
E-mail:cjorgensen@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
Fax: 702.949.8398

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Serafin Natividad & Carolina Natividad,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing,<br><br>　　　　　　　　　　Defendant. | Case: 2:15-cv-01829-GMN-NJK<br><br>**DEFENDANT NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING'S MOTION TO DISMISS PLAINITFFS' COMPLAINT** |

Pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6), Defendant New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("Defendant"), through its attorneys, Lewis Roca Rothgerber LLP, moves to dismiss the claims in Plaintiffs Serafin Natividad and Carolina Natividad's ("Plaintiffs") Complaint. This Motion is based on the pleadings and papers on file herein, including the following Memorandum of Points and Authorities.

## I.   INTRODUCTION

While difficult to discern, Plaintiffs appear to have filed this action claiming that Defendant failed to modify their home loan, or offer any other home retention options. Based on these allegations, Plaintiffs allege two causes of action against Defendant for (1) quiet title, and (2) intentional misrepresentation.[1] Plaintiffs also request a preliminary injunction.

Each claim, however, is fatally flawed. Plaintiffs' first cause of action to quiet title fails because there are no facts alleged in support of this claim, and Plaintiffs have not alleged a

---

[1] Plaintiffs also allege that Defendant failed to comply with Nevada's Homeowners Bill of Rights ("HBOR"), N.R.S. 107.500, but do not state a cause of action for violation of the HBOR, and fail to allege any *facts* in support of an HBOR claim.

7008648_1

willingness to tender the debt owed. Plaintiffs' second cause of action for intentional misrepresentation similarly fails because Plaintiffs have not alleged a single misrepresentation, and fail to allege reliance or damages. Moreover, claims for intentional misrepresentation are subject to a heightened pleading standard, and Plaintiffs' allegations fall far short of this high bar. Finally, the Court should deny Plaintiffs' request for a preliminary injunction because they are not likely to prevail on the merits of this case, and have not established irreparable harm.

Accordingly, the Complaint should be dismissed.

## II. MATERIAL ALLEGATIONS IN THE COMPLAINT

Plaintiffs obtained a loan from Aegis wholesale to acquire property identified as 953 Plantain Avenue, Las Vegas, Nevada 89183 (the "Property").[2] Defendant is the current servicer of Plaintiffs' loan. Plaintiffs allege that they had been working with various loan servicers regarding home retention packets, and on or about March 14, 2014, Plaintiffs sent Defendant a dispute which is allegedly attached as Exhibit A to the Complaint. Exhibit A, however, appears to be a cover letter which does not identify any specific dispute. Plaintiffs allege their letter was not answered, and instead, a Notice of Default was recorded against the Property. Plaintiffs apparently tried to modify their loan, or work on some other home retention plan, and participated in a mediation on or about August 27, 2015. Plaintiffs concede that no home retention agreement was reached, but allege that the lender failed to participate in the mediation in good faith. Plaintiffs also allege that their mortgage documents were robo-signed.

## III. LEGAL ARGUMENT

### A. Legal Standard for Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal

---

[2] Plaintiffs' Complaint does not include numbered paragraphs or page or line numbers. The material facts can be found in the second page of the Complaint, under the "Background" heading.

7008648_1                                                       2

premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not survive a motion to dismiss. *Id.* at 1949; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### B. Plaintiffs Fail To State A Claim For Quiet Title

Nevada Revised Statute 40.010 governs Nevada quiet title actions and provides: "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." *Fuleihan v. Wells Fargo*, 2010 U.S. Dist. LEXIS 105287, *14-15 (D. Nev. Sept. 15, 2010) (citing N.R.S. 40.010). Accordingly, a quiet title action in court is the method by which to adjudicate disputed ownership of real property rights. *Id.*, citing *Howell v. Ricci*, 124 Nev. 1222, 197 P.3d 1044, 1046 (Nev. 2008). The purpose of a quiet title action "is to settle all conflicting claims to the property and to declare each interest or estate to which the parties are entitled." *Id.* "In addition to the required elements for a quiet title action, a borrower cannot quiet title to a property without discharging any debt owed." *Id.* (citations omitted); *see also Cortes v. Republic Mortg. LLC*, 2014 U.S. Dist. LEXIS 122584, *3-4 (D. Nev. Sept. 3, 2014) (to state a quiet title action, a plaintiff must allege that he has paid any debt owed on the property); *Olarte v. DHI Mortgage*, 2:13-CV-0044-LDG-PAL, 2013 U.S. Dist. LEXIS 140911, 2013 WL 5492694, at *2 (D. Nev. Sept. 27, 2013) (same).

Plaintiffs' quiet title action merely defines the terms "claim" and "property," and fails to allege any facts in support of their claim. Significantly, Plaintiffs concede that they obtained a loan on the Property, and have not alleged that they have paid back their loan. This fact alone defeats their claim. Moreover, Plaintiffs allege no facts to show why they are entitled to quiet title

against any other party with an interest in the Property. Accordingly, Plaintiffs' quiet title claim should be dismissed.

### C. Plaintiffs Fail To State A Claim For Intentional Misrepresentation

The elements of intentional misrepresentation in Nevada are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1289-90 (D. Nev. 2010) (citing *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 825 P.2d 588, 592 (Nev. 1992). Furthermore, under Rule 9(b), claims for intentional misrepresentation must be stated with particularity and be accompanied by "'the who, what, when, where, and how' of the misconduct charged." *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)); Fed. R. Civ. P. 9(b).

Here, Plaintiffs fail to allege a single misrepresentation made by Defendant, that they relied on any such misrepresentation, or that they were injured by such reliance. Rather, Plaintiffs simply parrot the elements for an intentional misrepresentation claim. While their Complaint includes unclear allegations about robo-signing and a failure to comply with the Homeowner's Bill of Rights, none of these disjointed allegations can support a claim for intentional misrepresentation let alone the heightened pleading standard for such a claim. Accordingly, Plaintiff's intentional misrepresentation claim should be dismissed.

### D. The Court Should Deny Plaintiffs' Request For A Preliminary Injunction

A court may grant a preliminary injunction only if the plaintiff establishes four elements: "(1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent a preliminary injunction; (3) the balance of equities tips in the plaintiff's favor; and (4) injunctive relief is in the public interest." *Leigh v. Salazar*, 668 F.3d 1126 (9th Cir. 2012) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)). Here, again, Plaintiffs fail to allege a single fact in support of their request for a preliminary injunction. As set forth above,

Plaintiffs are not likely to prevail on the merits of their case because they have not alleged sufficient facts to state a cause of action to quiet title or for intentional misrepresentation. Moreover, Plaintiffs have not alleged any irreparable harm. Notably, there are no allegations that there is a pending sale date on the Property. Finally, there are no allegations or evidence that the balance of equities tip in Plaintiffs' favor, or that injunctive relief is in the public interest. Accordingly, Plaintiffs' request for a preliminary injunction should be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss without leave to amend.

DATED this 24th day of November, 2015.

LEWIS ROCA ROTHGERBER LLP

 /s/ J. Christopher Jorgensen
J. Christopher Jorgensen
3993 Howard Hughes Pkwy., #600
Las Vegas, Nevada  89169
Attorneys for Defendants

## CERTIFICATE OF MAILING

The undersigned certifies that a copy of the foregoing document was mailed, via US mail, postage prepaid, on the 24th day of November, 2015, to the following:

Serafin Natividad
Carolina Natividad
953 Plantain Lily Ave.
Las Vegas, NV  89183
Pro Se Plaintiffs

 /s/ Sue Silcott
An employee of Lewis Roca Rothgerber LLP

7008648_1

5