**OTMD**
Serafin Natividad, et al.,
953 Plantain Lily Ave.,
Las Vegas, NV 89183
*Plaintiffs Pro Se*



THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

---

Serafin Natividad & Carolina Natividad

Plaintiff(s),

                                        Case No. 2:15-cv-01829-GMN-NJK

V

New Penn Financial LLC, d/b/a/

Shellpoint Mortgage Servicing

                                  **Opposition to Defendant's Motion**
                                         **to Dismiss**

Defendant(s)

---

      NOW COMES Plaintiffs Serafin Natividad & Carolina Natividad whom in proper persons' status hereby submit this Opposition to Defendant's Motion to Dismiss. The Plaintiffs Complaint coupled with this motion again meet the standards governing the form of a complaint and responses contemplated by Federal Rule of Civil Procedures, this Court has subject matter jurisdiction in

this matter, and the Complaint again with this motion sufficiently allege actual harm and damage. Accordingly, Defendants' motion should be denied.

### I. The Plaintiffs claims are sufficiently stated

Defendants move to dismiss the Plaintiffs Complaint for" Failure to State a Claim upon which relief can be granted" along with a smattering of other off target defenses. In support of their Motion, Defendants argue that the Complaint lacks actual injury; and lacks a factual basis. Defendants construe the wording and supporting documentation of the State of Nevada as a far reached opinion of Plaintiff, rather than evidence which can easily be verified by looking at exhibits. The documents clearly show that the Defendants did not conduct the mediation attempt in good faith. However, the Defendant portrays this as some form of outlandish claim by Plaintiff, in doing so disregarding once again the States Mediation program. This second disregard shows some modus operandi of by the Defendants of neglect. Plaintiffs Natividad meet the items required in the Plaintiffs Complaint. Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a) (2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d) (1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests". *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *accord Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15(1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S.544, 555 (2007)). Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligible [le] (sic),' not where

a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted).

The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. *See, e.g., Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

## II. PRO SE PLEADINGS

In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the Plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. The district court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist.,

132 F .3d 902, 906 (3d Cir. 1997). A pro se plaintiff's "bald assertions" or "legal conclusions," however, need not be credited

Here, the Plaintiff's Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the actions of Defendants and how those actions are wrongful.

## III. CONCLUSION

In short, the Plaintiffs Complaint fully complies with the minimal pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants fair notice of the charges against them and the grounds

therefore. Additionally, the motion to dismiss attempts to highlight points which are assumptive and incorrect. Discovery and disclosure will add further detail of Defendant's intentional misrepresentation in attempt to execute collateral. This Court has subject matter jurisdiction in this matter. Additionally, the Plaintiff has sufficiently alleged actual harm and injury. Accordingly, for the reasons set forth herein, the Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss the Complaint with Prejudice. Considering the importance of said claim, Plaintiff asks this Court for the opportunity to prove claim on Merits seek the opportunity to hold Defendants accountable for said actions.

Dated the ___14th___ day of December 2015

respectfully submitted,

Serafin Natividad

Carolina Natividad

### Certificate of Mailing

I HEREBY CERTIFY on the ___14th___ day of ___December___, 2015 I placed and true and correct copy of the foregoing OPPOSITION TO MOTION in the United States Mail at Las Vegas, Nevada, with first class prepaid postage addressed to:

J. Christopher Jorgensen
Lewis Roca Rothgerber, LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169

Pursuant to NRS 53.045, I declare under penalty of perjury that the foregoing is true and correct.

_____
Serafin Natividad

_____
Carolina Natividad