J. Christopher Jorgensen (SBN 5382)
E-mail: cjorgensen@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
Fax: 702.949.8398

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Serafin Natividad & Carolina Natividad,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing,<br><br>　　　　　　　Defendant(s). | Case: 2:15-cv-01829-GMN-NJK<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

### I.　INTRODUCTION

Plaintiffs Serafin Natividad and Carolina Natividad's ("Plaintiffs") Opposition to Defendant New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("Defendant") Motion to Dismiss is simply a laundry list of legal conclusions and pleading standards. Entirely absent from the Opposition—and Complaint—are any factual allegations to support the two causes of action for quiet title and intentional misrepresentation alleged against Defendant. Accordingly, the Complaint should be dismissed.

### II.　LEGAL ARGUMENT

**A.　Plaintiffs Fail To State A Claim For Quiet Title**

There is no dispute that an action for quiet title requires a plaintiff to discharge any debt owed. *Fuleihan v. Wells Fargo*, 2010 U.S. Dist. LEXIS 105287, *14-15 (D. Nev. Sept. 15, 2010) (citing N.R.S. 40.010). It is also undisputed that Plaintiffs obtained a loan on the Property, and have not alleged that they have paid back their loan. This fact alone defeats their claim. Moreover, Plaintiffs allege no facts to show why they are entitled to quiet title against any other

7129679_1

party with an interest in the Property. Accordingly, Plaintiffs' quiet title claim should be dismissed.

### B.     Plaintiffs Fail To State A Claim For Intentional Misrepresentation

As with their quiet title claim, Plaintiffs' Opposition fails to specifically address their intentional misrepresentation claim. And they do not dispute the elements of intentional misrepresentation, nor do they deny that claims for fraud are subject to a heightened pleading standard. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)); Fed. R. Civ. P. 9(b).

Here, Plaintiffs fail to allege a single misrepresentation made by Defendant, that they relied on any such misrepresentation, or that they were injured by such reliance. Rather, Plaintiffs simply parrot the elements for an intentional misrepresentation claim. While their Complaint includes unclear allegations about robo-signing and a failure to comply with the Homeowner's Bill of Rights, none of these disjointed allegations can support a claim for intentional misrepresentation let alone the heightened pleading standard for such a claim. Accordingly, Plaintiff's intentional misrepresentation claim should be dismissed.

### C.     The Court Should Deny Plaintiffs' Request For A Preliminary Injunction

Plaintiff's' Opposition ignores their request for a preliminary injunction, and Plaintiffs therefore concede that their request is without merit. As set forth in Defendant's Motion to Dismiss, Plaintiffs are not likely to prevail on the merits of their case because they have not alleged sufficient facts to state a cause of action to quiet title or for intentional misrepresentation. Moreover, Plaintiffs have not alleged any irreparable harm. Notably, there are no allegations that there is a pending sale date on the Property. Finally, there are no allegations or evidence that the balance of equities tip in Plaintiffs' favor, or that injunctive relief is in the public interest. Accordingly, Plaintiffs' request for a preliminary injunction should be denied.

Unable to respond to any of the legal arguments raised by Defendant, Plaintiffs' argue only that the Motion to Dismiss should be denied simply because they have elected to proceed *pro se* in this action. Plaintiffs are wrong. A *pro se* litigant is "not excused from knowing the most basic pleading requirements" and is not excused from following court rules. *Am. Ass'n of Naturopathic*

7129679_1

2

*Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000). Furthermore, *pro se* complaints must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Carney v. Kaufman*, 2015 U.S. Dist. LEXIS 28005, *4 (D. Nev. Mar. 6, 2015) (granting motion to dismiss complaint filed by *pro se* litigants). Plaintiffs have failed to meet even the most liberal pleading standards, and the Court should grant Defendant's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss.

DATED this 17th day of December, 2015.

LEWIS ROCA ROTHGERBER LLP

By: /s/ J. Christopher Jorgensen
J. Christopher Jorgensen
3993 Howard Hughes Pkwy., #600
Las Vegas, Nevada 89169
Attorneys for Defendant

### CERTIFICATE OF MAILING

The undersigned certifies that a copy of the foregoing document was mailed, via US mail, postage prepaid, on the 17th day of December, 2015, to the following:

Serafin Natividad
Carolina Natividad
953 Plantain Lily Ave.
Las Vegas, NV 89183
Pro Se Plaintiffs

/s/ Sue Silcott
An employee of Lewis Roca Rothgerber LLP

7129679_1