UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SERAFIN NATIVIDAD; CAROLINA NATIVIDAD,<br><br>          Plaintiffs,<br>     vs.<br><br>NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>          Defendant. | Case No.: 2:15-cv-01829-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 9) filed by Defendant New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("Defendant"). Plaintiffs Serafin Natividad and Carolina Natividad (collectively, "Plaintiffs") filed a Response (ECF No. 13), and Defendant filed a Reply (ECF No. 14).

**I.    BACKGROUND**

This case arises out of foreclosure proceedings against property located at 953 Plantain Ave., Las Vegas, Nevada 89183 (the "Property"). (Complaint at 2, ECF No. 1). Plaintiffs allege that they acquired the Property "through a loan originated through Aegis Wholesale whom are no longer in business." (*Id.*). Plaintiffs further allege that, on March 1, 2014, they received a notification from Defendant explaining that it would be replacing the previous servicer of the loan and to engage Defendant directly regarding payments and home retention options. (*Id.*). Plaintiffs received a Debt Validation Notice from Old Republic Default Management Services ("Old Republic") on behalf of Defendant dated April 14, 2015. (Ex. C to Complaint). On May 8, 2015, Plaintiffs sent a Qualified Written Request to Old Republic. (Ex. B to Complaint). On August 27, 2015, the parties attended a Foreclosure Mediation pursuant to the State of Nevada's Foreclosure Mediation Program. (Ex. D to Complaint). At the

Foreclosure Mediation, the parties were unable to agree to a loan modification or make other arrangements. (*Id.*). Moreover, at the Foreclosure Mediation, the "Beneficiary (Lender), and/or its Representative, failed to participate in good faith," and the mediator recommended that "[n]o certificate should be issued." (*Id.*).

Plaintiffs filed their Complaint on September 23, 2015, asserting the following claims against Defendant: (1) quiet title; and (2) intentional misrepresentation. (Complaint at 4–5). Shortly thereafter, Defendant filed the instant Motion to Dismiss.

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to

the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

#### A. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." *Id.* (citing *Biasi v. Leavitt*, 692 P.2d 1301, 1304 (Nev. 1985). Courts within this district have repeatedly held that a plaintiff who has not discharged the debt owed on the mortgage cannot quiet title. *See Fuleihan v. Wells Fargo*, No. 2:09–cv–1877–RCJ–PAL, 2010 WL 3724186 at *5 (D. Nev. Sept. 15, 2010) (a borrower cannot quiet title to a property without

discharging any debt owed); *Harold v. One West Bank*, No. 2:1 0–cv–2204–KJDGWF, 2011 WL 4543998, at *3(D. Nev. Sept. 29, 2011). Plaintiffs do not allege that they have discharged the debt owed. Accordingly, Defendant's Motion to Dismiss must be granted as to this claim.

### B. Intentional Misrepresentation

Plaintiffs' second cause of action also fails to state a claim for intentional misrepresentation. A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) ("Federal Rule of Civil Procedure 9(b) … require[s] [plaintiff] to plead her case with a high degree of meticulousness."). A complaint alleging fraud must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). The Plaintiffs must also "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

Plaintiffs' claims do not state a single misrepresentation made by Defendant, that they relied on any such misrepresentation, or that they were injured by such reliance. Rather, Plaintiffs simply parrot the elements for an intentional misrepresentation claim. Accordingly, Defendant's Motion to Dismiss must be granted as to this claim.

### C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiffs may be able to plead additional facts to support their claims. Accordingly, because the Court finds that Plaintiffs may be able to plead additional facts to support their claims, the Court will grant Plaintiffs leave to file an amended complaint. Plaintiffs shall file their amended complaint within fourteen (14) days of the date of this Order if they can allege sufficient facts that plausibly establish the following claims against Defendant: (1) quiet title; and (2) intentional misrepresentation. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiffs' case with prejudice.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**. Accordingly, Plaintiffs' Complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their amended complaint by **April 22, 2016**. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiffs' case with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction (ECF No. 2) is **DENIED as moot**.

**DATED** this __7__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge