J. Christopher Jorgensen (SBN 5382)
e-mail: cjorgensen@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
Fax: 702.949.8398

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SERAFIN A. NATIVIDAD and CAROLINA NATIVIDAD,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>Defendant. | Case: 2:15-cv-01829-GMN-NJK<br><br>**DEFENDANT NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6), Defendant New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("Defendant"), through its attorneys, Lewis Roca Rothgerber Christie LLP, moves to dismiss the claims in Plaintiffs Serafin Natividad and Carolina Natividad's ("Plaintiffs") First Amended Complaint ("FAC"). This Motion is based on the pleadings and papers on file herein, including the following Memorandum of Points and Authorities.

### 1. INTRODUCTION

This case arises out of foreclosure proceedings against property located at 953 Plantain Ave., Las Vegas, Nevada 89183 (the "Property"). While difficult to discern, Plaintiffs allege that Defendant, the servicer of its mortgage, violated the Fair Debt Collection Practices Act ("FDCPA") and Nevada Revised Statute section 649, which makes any violation of state law a violation of the FDCPA. Plaintiffs' entire FAC fails for several reasons. First, Plaintiffs were not given leave to add claims under the FDCPA or section 649. In their original complaint, Plaintiff alleged claims for quiet title and intentional misrepresentation based on the same facts alleged

7664243_1

herein. The Court granted Defendant's motion to dismiss, and gave Plaintiffs leave to add facts to support their claims for quiet title and intentional misrepresentation. The Court did not give leave to add new claims, and Plaintiffs have not sought leave of court to add the claims. Nonetheless, in their FAC, Plaintiffs have abandoned their claims for quiet title and intentional misrepresentation and instead add new claims under the FDCPA and section 649. Plaintiffs' FAC is outside of the scope of the Court's order granting leave to amend, and their FAC fails for this reason alone.

Second, even if the Court is inclined to allow Plaintiffs to plead claims under the FDCPA and N.R.S. section 649, Plaintiffs' claims should be dismissed because neither the FDCPA nor section 649 applies to foreclosure activity alleged against a mortgage servicer like Defendant. Moreover, Plaintiffs fail to allege any facts in support of their claims.

Plaintiffs have disregarded the Court's order allowing leave to amend[1], and fail to allege any facts against Defendant. Accordingly, the Court should grant Defendant's Motion without further leave to amend.

## II.     MATERIAL ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiffs obtained a loan from Aegis wholesale to acquire property identified as 953 Plantain Avenue, Las Vegas, Nevada 89183 (the "Property"). Defendant is the current servicer of Plaintiffs' loan. FAC ¶ 1. Plaintiffs allege they had been working with various loan servicers regarding home retention packets, and on or about March 14, 2014, Plaintiffs sent Defendant a dispute which is allegedly attached as Exhibit 2 to the FAC. *Id.* at ¶ 2. Exhibit 2, however, appears to be a cover letter which does not identify any specific dispute. Plaintiffs allege their letter was not answered, and instead, a Notice of Default was recorded against the Property. *Id.* at ¶ 3. Plaintiffs apparently tried to modify their loan, or work on some other home retention plan, and participated in a mediation on or about August 27, 2015. *Id.* at ¶ 6. Plaintiffs concede that no home retention agreement was reached, but allege that the lender failed to participate in the mediation in good faith. *Id.*

---

[1] This is not the first time Plaintiffs have ignored the rules and orders of this Court. On January 13, 2016, the Court issued an order admonishing Plaintiffs for failing to initiate and confer regarding a discovery plan, and reminding Plaintiffs of their obligation to comply with all rules of this Court. Since that time, Plaintiffs have also failed to respond to property served discovery responses. Defendant has met and conferred with Plaintiffs, and will proceed with a motion to compel if Plaintiffs fail to provide responses.

### III. LEGAL ARGUMENT

#### A. Legal Standard for Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not survive a motion to dismiss. *Id.* at 1949; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

#### B. The Court Did Not Grant Plaintiffs Leave To Add New Claims

Plaintiff's original complaint alleged two causes of action against Defendant for quiet title and intentional misrepresentation. Defendant moved to dismiss the complaint, and on April 7, 2016, the Court issues an order granting Defendant's motion. In granting the motion, the Court granted leave to amend as follows:

> The Court finds that Plaintiffs may be able to plead additional facts to support their claims. Accordingly, because the Court finds that Plaintiffs may be able to plead additional facts to support their claims, the Court will grant Plaintiffs leave to file an amended complaint. Plaintiffs shall file their amended complaint within fourteen (14) days of the date of this **Order if they can allege sufficient facts that plausibly establish the following claims against Defendant: (1) quiet title; and (2) intentional misrepresentation.** Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiffs' case with prejudice.

(Document No. 21, filed 4/7/16, emphasis added.) The Court's order specifically gave Plaintiffs leave to add facts to establish claims for quiet title and intentional misrepresentation. The Court did not grant leave to amend to add any new claims, and Plaintiffs have not made any request to amend to add their new FDCPA claim. In their FAC, Plaintiffs have abandoned their quiet title and intentional misrepresentation claims, and added new claims under the FDCPA and section 649 without leave to Court. Accordingly, Plaintiffs' new claims should be dismissed. *See Stegmaier v. City Of Reno ex rel. Its Reno Police Dep't*, No. 3:13-cv-00461-MMD-VPC, 2015 U.S. Dist. LEXIS 106631, at *14-15 (D. Nev. Aug. 13, 2015) (Granting motion to dismiss amended complaint where plaintiff was "attempting to bring additional claims based on new legal theories" without prior leave to allege new claims.); *Paws Up Ranch, LLC v. Green*, No. 2:12-cv-01547-GMN-NJK, 2015 U.S. Dist. LEXIS 88654, at *13-14 (D. Nev. July 8, 2015) ("Accordingly, Plaintiffs' addition of new claims for violations of the Georgia, Illinois, and Nevada Loan Brokers Acts was outside the scope of the Court's leave to amend. Because the Court has not granted Plaintiffs leave to amend to add such claims and Plaintiffs have not requested such relief, the question as to whether these new claims may be added under amendment has not been properly brought before the Court pursuant to Rule 15. Thus, the Court grants Hall's Motion to Dismiss as to these claims.").

### C.  Plaintiffs Fail To State A Claim Under The FDCPA Or N.R.S. § 649

Even if the Court is inclined to allow Plaintiffs to plead claims under the FDCPA and section 649—which it should not—Plaintiffs' claims fail nonetheless. The caption on Plaintiffs' FAC states that it "Amended to Unlawful Collection Practices/Violation of Nevada Foreclosure Rules & Violation of Fair Debt Collection Practices Act." Entirely absent from the FAC, however, are any allegations of the specific claims at issue. Plaintiffs do not identify the particular section of the FDCPA at issue, and it is unclear what Plaintiffs intend when they cite "Unlawful Collection Practices" or the "Nevada Foreclosure Rules." Plaintiffs are required to allege facts to put Defendant on notice of the claims alleged and they fail to do so here. Defendant will assume, however, that Plaintiffs claims fall under the FDCPA and Nevada Revised Statute section 649, which makes it unlawful under state law to violate any provision of the FDCPA. Plaintiffs' claims

fail for several reasons.

First, neither the FDCPA nor section 649 governs applies to foreclosure related activity alleged against a mortgage servicer like Defendant. A Nevada District Court explained:

> Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq; NRS § 649.370. Courts of this district have consistently held that non-judicial foreclosures are not an attempt to collect a debt under the FDCPA and similar statutes. *Kenneweg v. Indymac Bank*, FSB, 2011 U.S. Dist. LEXIS 661, 2011 WL 13853, *2 (D.Nev. 2011) (holding NRS § 649 and FDCPA inapplicable where defendants are not debt collectors as defined in the statute); see also *Conley v. Bank of America N.A.*, 2011 U.S. Dist. LEXIS 86958, 2011 WL 3444196, *4 (D.Nev. 2011). Additionally courts in this district have held that, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Camacho–Villa v. Great W. Home Loans*, 2011 U.S. Dist. LEXIS 37063, 2011 WL 1103681, at *4 (D.Nev.2011) (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 U.S. Dist. LEXIS 89808, 2009 WL 3172119, at *2 (D.Nev.2009)).

*Reyes v. Wells Fargo Bank, NA*, No. 2:12-CV-00585-KJD-CWH, 2012 U.S. Dist. LEXIS 155340, at *5 (D. Nev. Oct. 29, 2012). Here, Plaintiffs' FAC is entirely predicated on alleged improper conduct relating to an attempt to foreclose their Property. Accordingly, their claims fail.

Second, Plaintiffs fail to allege any violation. Claims brought under the FDCPA must be pled with sufficient factual detail as to the alleged debt collection activity so that a defendant can appropriately respond to those claims. *See Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1013 (N.D. Cal. 2005) (granting motion to dismiss where plaintiff failed to allege the date and contents of the allegedly harassing or annoying communications in support of FDCPA claim); *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1027 (N.D. Cal. 2006) (granting defendants' motion to dismiss RFDCPA claim on ground that "plaintiffs' allegations, even if accepted as true and viewed in the light most favorable to plaintiffs, are too vague to give rise to any inference that a specific defendant has violated the RFDCPA"). Here, Plaintiffs fail to allege the specific violation at issue or any facts to support the claims. Accordingly, their claims fail.

///

///

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss without further leave to amend.

DATED this 4th day of May, 2016.

                                              LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                              By: _/s/ J. Christopher Jorgensen_
                                              J. Christopher Jorgensen
                                              3993 Howard Hughes Pkwy., #600
                                              Las Vegas, Nevada  89169
                                              Attorneys for Defendant

## CERTIFICATE OF MAILING

The undersigned certifies that a copy of the foregoing document was mailed, via US mail, postage prepaid, on the 4th day of May, 2016, to the following:

Serafin Natividad
Carolina Natividad
953 Plantain Lily Ave.
Las Vegas, NV  89183
Pro Se Plaintiffs


                                              _/s/ Sue Silcott_
                                              an employee of Lewis Roca Rothgerber Christie LLP